Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000846
05-AUG-2014
08:38 AM

NO. CAAP-14-0000846

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM EDWARD PIERPONT, Plaintiff-Appellee, v.
MICHIKO NATALIE SINGH, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 11-1-7253)

ORDER GRANTING JUNE 12, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) June 12, 2014 motion by Plaintiff-Appellee William Edward Pierpont (**Appellee**) to dismiss appellate court case number CAAP-14-0000846 for lack of appellate jurisdiction, (2) the lack of any memorandum by Defendant-Appellant Michiko Natalie Singh (**Appellant**) in opposition to Appellee's June 12, 2014 motion to dismiss appellate court case number CAAP-14-0000846 for lack of appellate jurisdiction, and (3) the record on appeal, it appears that we lack appellate jurisdiction over Appellant's appeal from the Honorable Kevin A. Souza's April 4, 2014 post-judgment "Order Granting Plaintiff's Motion for Post Decree Relief Filed 11/18/2013" (the April 4,

2014 post-judgment order), because the April 4, 2014 post-judgment order is not an appealable final post-judgment order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

"An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2013). In light of the family court's prior entry of a February 4, 2013 divorce decree in this case, the April 4, 2014 post-judgment order is a post-judgment order that the family court utilized to adjudicate some, but not all, of the issues in Appellee's November 18, 2013 motion for post-decree relief regarding child custody and child support. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawaiʻi 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

The April 4, 2014 post-judgment order appears to merely be the first post-judgment order in a series of at least two post-judgment orders that the family court intends to utilize to adjudicate all of the issues in Appellee's November 18, 2013 motion for post-decree relief regarding child custody and child support, because, although the family court's five-page April 4, 2014 post-judgment order awards Appellee with sole physical custody of the parties' child, a provision on pages 3 and 4 of the family court's April 4, 2014 post-judgment order retains the issue of monthly child support for further action, clearly expressing the family court's intent to enter a future supplemental post-judgment order that will fix the exact amount of the family court's award of monthly child support in favor of Appellee and against Appellant:

> 4. Child Support. Plaintiff's obligation to pay child support to defendant is terminated effective March 12, 2014. Defendant shall begin to pay child support to plaintiff effective April 12, 2014. The parties shall exchange income information within fourteen (14) days of today's hearing, and counsel shall either submit an agreed-upon supplemental order establishing the child support amount, or they may submit additional memoranda, exhibits, and Child Support Guidelines Worksheets, together with a proposed order, and the court shall fix the new amount.

Therefore, the April 4, 2014 post-judgment order does not finally determine and end the post-judgment proceeding for Appellee's November 18, 2013 motion for post-decree relief regarding child custody and child support, as HRS § 571-54 requires for an appealable final post-judgment order. The family court has not yet entered the supplemental post-judgment order that will fix the amount of the award of monthly child support. The April 4, 2014 post-judgment order will be eligible for appellate review in the future by way of a timely appeal from the family court's

-3-

future supplemental post-judgment order that fixes the amount of the award of monthly child support under the general principle that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). Absent an appealable post-judgment order at the present time, Appellant's appeal is premature, and we lack appellate jurisdiction over this appellate case. Accordingly,

IT IS HEREBY ORDERED that Appellee's June 12, 2014 motion to dismiss appellate court case number CAAP-14-0000846 for lack of appellate jurisdiction is granted, and this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 5, 2014.

Chief Judge

Associate Judge

Associate Judge

-4-